**Electronically Filed**
**Supreme Court**
**30740**
**04-NOV-2010**
**10:24 AM**

NO. 30740

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

DAVID J. LUJAN and ANNA LUJAN, Petitioners,

vs.

THE HONORABLE KARL K. SAKAMOTO, JUDGE OF THE CIRCUIT COURT
OF THE FIRST CIRCUIT, STATE OF HAWAIʻI; and
KEITH WAIBEL, as Trustee of the JLH PACIFIC TRUST, Respondents.

ORIGINAL PROCEEDING
(CIVIL NO. 08-1-2071-10)

ORDER
(By: Recktenwald, C.J., Nakayama and Duffy, JJ.,
Circuit Judge Browning, in place of Acoba, J., recused,
and Circuit Judge Pollack, assigned by reason of vacancy)

Upon consideration of petitioners David J. Lujan's and Anna Lujan's petition for a writ of mandamus and the papers in support, it appears that the October 28, 2009 order compelling arbitration of all claims in Civil No. 08-1-2071 was a final determination only of Count III (mandatory arbitration) of the plaintiff's complaint and was certifiable pursuant to HRCP 54(b) only as to Count III. Certification of Count III pursuant to HRCP 54(b) was within the discretion of the respondent judge and the denial of certification was not a flagrant and manifest abuse of discretion. The October 28, 2009 order was a collateral order compelling arbitration of claims other than Count III and was an appealable final order from which petitioners could have, but did not appeal. Therefore, petitioners are not entitled to extraordinary relief. See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a

clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action.  Such writs are not intended to supersede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedures.  Where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which it has a legal duty to act.).  Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED:  Honolulu, Hawaiʻi, November 4, 2010.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ James E. Duffy, Jr.

/s/ R. Mark Browning

/s/ Richard W. Pollack



2